IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONTAINER MANUFACTURING LTD., :

       Plaintiff,

  v. :

VOBEV, LLC, et al.,

       Defendants. :

Case No. 3:24-cv-150

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT VOBEV, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DOC. #25)

---

This case is before this Court on Defendant Vobev, LLC's Motion to Dismiss for Lack of Personal Jurisdiction. Doc. #25. Plaintiff filed a Memorandum in Opposition, Doc. #28, and Defendant Vobev, LLC filed a Reply in Support of their motion.[1] Doc. #29.

For the reasons set forth below, Defendants Vobev, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. #25, is OVERRULED.

---

[1] Defendant ACF Finco I LP is party to this case only because it holds a priority perfected lien under Utah UCC law for the machine at issue in this suit. Doc. #1, PageID ##2-3. It did not file a memorandum either in favor of or in opposition to the Motion to Dismiss.

## I. Background and Procedural History

Plaintiff Container Manufacturing Ltd ("CML") seeks replevin and damages based on allegations that Defendant Vobev, LLC ("Vobev"), failed to complete the contractually required payments for a machine purchased from CML. Doc. #1, PageID ##3-4. Along with the Complaint, CML filed a Motion for Order of Possession under Ohio statutory law. Doc. #6. Understanding that the present motion challenging jurisdiction was on the horizon, all parties agreed to postpone the briefing schedule on CML's motion, which remains pending, until this jurisdictional decision was rendered.

Prior to filing an answer, Vobev filed the present Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Doc. #25, PageID #88. CML filed a memorandum contra, Doc. #28, and Vobev filed a reply. Doc. #29.

## II. Standard of Review

In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff "may not stand on their pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). The plaintiff "bears the burden of demonstrating that such jurisdiction exists." *Lexon Ins. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)). A

court "may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458.

If no evidentiary hearing is held, a plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). A plaintiff satisfies a prima facie showing of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d 887 (6th Cir.2002) (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)). The plaintiff's burden is "relatively slight and the district court must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Am. Greetings Corp. v. Conn*, 839 F.2d 1164, 1169 (6th Cir.1988) (internal quotation omitted). However, the defendant's undisputed factual assertions are considered. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citations omitted). Where discovery is not an issue and "'there does not appear to be any real dispute over the facts relating to jurisdiction,' the prima facie 'proposition loses some of its significance.'" *Id.* (quoting *International Technologies Consultants, Inc., v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

In making a determination of whether the exercise of personal jurisdiction is consistent with due process, the court must focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The court must also assess a defendant's contacts with the forum state. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citation omitted).

### III. Factual Background

Vobev is a Utah limited liability company that sought to purchase a specialty machine used in the production of aluminum cans. Doc. #25-1, PageID #92. In January 2022, Vobev and Ohio-based CML entered into an agreement under which CML would design, manufacture, and sell Vobev such a machine, which was to include shipping the machine to Vobev's facility in Utah. *Id.* at PageID ##92–93. Apart from the machine, the agreement called for the creation and shipment of 200 change parts for use with the machine. *Id.* at PageID #92. The contract between the parties called for a total of six installment payments on a set schedule to be paid to CML. Doc. #4, PageID #4.

The negotiations leading to the final contract were conducted virtually, through email and phone, and at no point did any representative of Vobev travel to Ohio. Doc. #25-1, PageID #93. The finished machine was delivered to Vobev in Utah and Vobev made payments pursuant to the contract. *Id.* After making 3 full

payments and 1 partial payment, Vobev changed course and withheld payments prompting CML to file this suit. Doc. #28, PageID ##141-42.

## IV. Analysis

When a plaintiff brings a suit in federal court based on diversity of citizenship, that plaintiff must establish that jurisdiction is authorized by state law and in compliance with the due process requirements of the United States. *Zakharov*, 667 F.3d at 711.

### A. Jurisdiction Under Ohio Law

In reviewing issues of personal jurisdiction, this Court first applies the law of the forum state in which it sits. *American Greetings Corp.*, 839 F.2d at 1169 (6th Cir.1988). In Ohio, that law is Ohio Revised Code (R.C.) § 2307.382, the "long-arm" statute. In subsection (A), this statute lists nine specific categories of conduct that may create personal jurisdiction over a non-resident defendant. *Fraley v. Est. of Oeding*, 6 N.E.3d 9, 14 (Ohio 2014). The parties seemingly agree that the only enumerated item in this list which could *arguably* apply is found in subsection (A)(1), which identifies "[t]ransacting any business in this state" as a suitable ground for personal jurisdiction. R.C. § 2307.382(A)(1).

The Supreme Court of Ohio has taken a broad view of what it means to "transact business" in the state, holding that it "means to prosecute negotiations; to carry on business; to have dealings." *Ky Oaks Mall Co. v. Mitchell's Formal Wear*,

5

*Inc.*, 559 N.E.2d 477, 480 (Ohio 1990) (emphasis omitted). To determine whether an out-of-state resident has "transacted business" within the meaning of Ohio's long-arm statute, courts examine two factors: (1) whether the non-resident defendant initiated the business dealing; and (2) whether the parties conducted their negotiations or discussions in Ohio or with terms affecting Ohio. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 161 (S.D. Ohio 2012).

The first factor appears to be straight-forward here. According to CML's Complaint, Vobev contacted CML for a quote for the purchase of the machine at issue. Doc. #1, PageID #3. Vobev seemingly does not challenge this assertion but does point out that this factor does not dispose of the issue. Doc. #25-1, PageID #96.

Turning to the second factor, this Court must determine whether the negotiations or discussions between the parties were conducted in Ohio or with terms affecting Ohio. This is a harder question and one which requires this Court to undergo a careful examination focused on the details at play here. *Dayton Superior Corp.*, 288 F.R.D. at 161.

CML cites several cases from both the Sixth Circuit and various Ohio appellate courts in an attempt to show that the contract was enough to constitute "transacting business." Doc. #28, PageID #145 n.1. Vobev adds several cases to the mix, arguing

6

that the limited nature of the contract cannot support a finding that they transacted business in the state. Doc. #25-1, PageID ##95-97; Doc. #29, PageID ##188-89.

According to the Supreme Court of Ohio, the phrase "transacting any business" is meant to encompass more than "contract." *Clark v. Connor*, 695 N.E.2d 751,755 (Ohio 1998). This understanding would appear to lend some credence to the theory that by contracting, the parties sufficiently "transacted business." The Sixth Circuit has determined that this phrase is to be interpreted in the same manner as the "purposeful availment" prong of the constitutional analysis relating to personal jurisdiction. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 432 (6th Cir. 2006). A final determination of this factor, therefore, will depend on this Court's analysis of the constitutional considerations contained below.

There is, however, another subsection within the long-arm statute that may confer personal jurisdiction here. Subsection (C) reads: "In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution." R.C. § 2307.382(C). CML, without conceding their argument over (A)(1) outlined above, contends that subsection (C) places the outer limit of personal jurisdiction equal to the limits imposed by the Due Process Clause of the United States Constitution. Doc. #28, PageID #145. Vobev,

in turn, posits that subsection (C) applies only to grants of general personal jurisdiction not to specific personal jurisdiction. Doc. #29, PageID #188.

As Vobev identifies, this is an open question in this jurisdiction because of a 2021 amendment of the long-arm statute by the Ohio Legislature. Prior to the amendment, Ohio Revised Code § 2307.382(C) stated: "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." Under that version, it had been conclusively decided that Ohio's long-arm statute was not co-terminus with federal due process considerations and that separate analyses was required. *See Kauffman Racing Equp., L.L.C. v. Roberts*, 930 N.E.2d 784 (Ohio 2010).

After the amendment to Ohio's long-arm statute, subsection (C) now appears to reach more broadly. Neither the Supreme Court of Ohio nor the Sixth Circuit has conclusively established whether this new language means that the long-arm statute is now co-terminus with the United States Constitution. Several courts have ventured to answer this question themselves, with varying results. Some have found that the amendment results in a long-arm statute that is exactly as extensive as the federal considerations. *See Zahara Ariel LLC v. Lionsgate Entm't Corp.*, 2:23-cv-1916, 2023 WL 4706188, at *4 (S.D. Ohio June 14, 2023) ("After a 2020 revision, Ohio's long-arm statute became co-extensive with the limits of the federal Due Process Clause."); *In re E. Palestine Train Derailment*, 4:23-cv-242, 2024 U.S. Dist.

8

LEXIS 44517, at *31 (N.D. Ohio Mar. 13, 2024). Meanwhile, other courts have found that the amendment acts only when considering general personal jurisdiction and does not alter the analysis when searching for specific personal jurisdiction. *See Premier Property Sales Ltd. V. Gospel Ministries International, Inc.*, 539 F. Supp. 3d 822, 827 n.2 (S.D. Ohio 2021) ("The revision suggests that the long-arm statute no longer precludes jurisdiction where a non-resident's 'continuous and systematic' contact with Ohio renders it at home in the state.").

This Court is convinced that the alteration to subsection (C) of Ohio's long-arm statute carried the effect of expanding jurisdiction to the fullest extent permissible under the due process clause. This alone could support a finding that the exercise of personal jurisdiction over Vobev does not offend the Ohio Long-Arm statute, as long as it does not fail the constitutional analysis. At the same time, assuming that the constitutional analysis does not bar it, subsection (A)(1) would also permit the exercise of personal jurisdiction over Vobev, even without the use of subsection (C).

This finding, however, is only half of the equation. Both of the potential methods for satisfying Ohio's long-arm statute are met only upon a finding that constitutional due process considerations are not violated.

### B. Due Process Under the United States Constitution

When analyzing personal jurisdiction under the United States Constitution's Due Process Clause, the central inquiry is whether the defendant established "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549–50 (6th Cir. 2007). Specific jurisdiction is proper where the claims arise from or are related to the defendant's contacts with the forum state. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit employs a three-part test to determine whether specific jurisdiction exists over a nonresident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

#### 1. *Purposeful Availment*

The "purposeful availment" requirement ensures "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated

10

contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotations and citations omitted). Yet not all contacts are enough to meet this standard. The Supreme Court has identified a difference between a mere "collateral relation to the forum state," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980), and the type of substantial relationship that invokes "the benefits and protections" of the forum state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

There is no doubt that reaching into a forum state for the purpose of creating a continuing contractual relationship is enough to meet the "purposeful availment" prong. *Burger King*, 471 U.S. at 473. The harder question, and the one that will guide the analysis here, is whether a contract for a specially made machine, as well as subsequent orders for replacement parts, constitutes sufficient contacts to conclude that Vobev purposefully availed themselves of the laws of Ohio.

The Sixth Circuit has given mixed guidance to assist the analysis. They have identified that some contracts are "one-shot affairs" and do not meet the bar necessary to pass this prong. *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293 (1989). Yet they have also held that where "a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum

11

by creating a continuing obligation in Ohio." *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

The contract at play here was more than a "one-shot affair." It came about after brief negotiations and created a two-phase contract, requiring CML to design, manufacture, and ship a multi-million-dollar piece of equipment and other items from Ohio to Utah. In exchange, a payment plan was agreed to outlining a series of individual payments. Moreover, Vobev and CDL then entered into later contracts in the following months totaling nearly $100,000. These later contracts provided Vobev with spare parts and materials for the machine. The evidence on hand suggests that Vobev availed themselves of the laws of Ohio.

This analysis would be sufficient on its own to find purposeful availment, but it is bolstered by the clear language of *Burger King*. In that case, the Supreme Court emphasized that, with respect to interstate contractual obligations, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (quoting *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950). Vobev chose to enter the state of Ohio to form a contract for the design and sale of a complex machine and therefore they purposefully availed themselves of the laws of Ohio. The first prong is met.

12

### 2. *"Arise From"*

The "arises from" prong means only that the plaintiff's cause of action must be "made possible" by or "connect with" the defendant's contacts with the forum state. *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 553 (6th Cir. 2007). This is intended to be a "lenient standard." *Id.* If the contract is found to constitute purposeful availment of the forum state and a cause of action is brought for breach of said contract, then that cause naturally arises from the defendant's activity in the forum state. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

Vobev argues that this prong fails because the cause of action arises from the alleged decision not to pay the full purchase price, a choice made in Utah—not Ohio. Doc. #25-1, PageID #99. To that end, they cite *Kerry Steel, Inc.* and *Condon. Id.* Neither case is instructive in this setting. *Kerry Steel, Inc.* found that the contract involved was not sufficient to constitute purposeful availment and was thus seeking alternate methods to justify the prong which are not needed here. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 152 (6th Cir. 1997). *Condon* similarly involved a case in which the court determined that the contract did not meet the first prong of the analysis. *Condon v. Flying Puck, LLC*, 35 F. App'x 173, 174 (6th Cir. 2002). Both cases suffer also from the same key difference: the contracts signed required performance *outside* the forum state. *See Kerry Steel*, 106 F.3d at 151 (claim brought in Michigan but plaintiff never sought to assert that the subject matter

13

was ever located in Michigan); *Condon*, 35 F. App'x at 174 (contract required employment in California and claim brought in Ohio).

Because the contract here constituted purposeful availment and because the claim rises from a breach of the contract, the second prong is met.

### 3. *Reasonableness*

The "reasonableness" prong is intended to be lenient as well, because when the first two prongs are met, "an inference of reasonableness arises." *Air Products*, 503 F.3d at 554. Courts apply several factors to determine whether the application of personal jurisdiction is reasonable: (1) the burden of the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Vobev would undertake a burden litigating the case in Ohio. Vobev has no presence in the state and is itself located many hundreds of miles away. At the same time, as the Supreme Court stated in *Burger King*, the home state for a plaintiff has a "manifest interest" in providing a convenient forum for its residents. 471 U.S. at 478. CML is an Ohio Limited Liability Company, exists as a resident company of the state of Ohio and Ohio has a strong interest in "protecting its residents' legal

14

options." *Youn v. track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003). Ohio also houses a rare statutory moldbuilder's lien at play here, unavailable in the only other potential forum, Utah. Although this Court makes no findings at this time regarding what substantive law will apply here, it must recognize that Ohio has an interest in protecting and adjudicating that right of action for its citizens. Likewise, CDL has a strong interest in obtaining convenient and effective relief in its home state.

The final two factors involving the interstate judicial system's interest in obtaining the most efficient resolution and the shared interest in furthering social policies neither weigh in favor nor against either party. On the whole, this Court understands that Vobev will likely experience some unavoidable burden in litigating the case in Ohio, but a careful weighing of all factors involved results in a conclusion that the application of personal jurisdiction to Vobev is reasonable.

Having undergone a careful analysis of the due process concerns involved with applying personal jurisdiction to an out of state citizen, this Court finds that exercising such personal jurisdiction would comport with the United States Constitution. This Court also finds that personal jurisdiction is justified under Ohio's long-arm statute. Therefore, "traditional notions of fair play and substantial justice" are not offended by this Court's exercise of personal jurisdiction over Vobev. Defendant Vobev's Motion to Dismiss for Lack of Personal Jurisdiction is OVERRULED.

15

## V. Conclusion

For the reasons set forth above, Defendant Vobev's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. #25, is OVERRULED. In so doing, this Court denies Defendant Vobev, LLC's request for a hearing on the matter because such a hearing would be unnecessary. In accordance with this Court's previous Order, Doc. #24, Defendant Vobev, LLC and Defendant ACF Finco I LP shall have up to and including 21 days following this ruling to file a response to Plaintiff's Motion for Order of Possession. Doc. #6. Plaintiff will then have 14 days thereafter to file whatever Reply memorandum is deemed necessary.

Date: October 8, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE